**Opinion filed September 16, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00089-CR

_____

## MICHAEL LEE MUNOZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 12831**

## M E M O R A N D U M   O P I N I O N

The trial court convicted Michael Lee Munoz, upon his plea of guilty, of robbery. Appellant rejected the State's plea bargain offer of confinement for fourteen years. The trial court found both enhancement allegations to be true and assessed punishment at confinement for twenty-five years. We dismiss.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous.

Counsel has briefed one potential point in which he contends that the trial court erred in allowing Big Spring Police Officer Travis Boyd Simmons to testify at the punishment phase that

appellant had said that he was hooked on crack and was trying to get some crack. Counsel points out that a proper objection was not made, that the testimony was proper, and that the same evidence was admitted subsequently without objection. We agree with counsel's assessment and overrule the potential point.

Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has been filed. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

In his response, appellant argues that the evidence is both legally and factually insufficient. The Texas Court of Criminal Appeals stated in *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005), that the court of appeals is to review appellant's pro se claims and examine the record in order to determine whether the record reflects no reversible error and the appeal should be dismissed or whether arguable grounds exist and new counsel should be appointed. We have complied with the requirements in *Bledsoe* and have found no reversible error.

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66. *Black v. State*, 217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.).

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

September 16, 2010

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.